IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDY I. WINDFIELD, #2075290 § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 3:16-CV-2607-K-BK |
| § | |
| RHONDA HUGHEY, District Clerk, § | |
| Kaufman County, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. On September 6, 2016, Plaintiff, a state inmate, initiated this action by filing a *pro se* civil rights complaint. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED** for want of jurisdiction.

**I. BACKGROUND**

Plaintiff sues Rhonda Hughey, the Kaufman County District Court Clerk. He states that his 2004 F-150 truck was wrongfully seized by state authorities during his May 2014 arrest. Doc. 1 at 4, and that Hughey subsequently filed an original *Notice of Seizure and Intended Forfeiture*, which led to the forfeiture of his truck. Doc. 1 at 3-4; Doc. 13 at 2-3. Plaintiff seeks to be compensated for the value of his truck and for pain and suffering. Doc. 1 at 4; Doc. 13 at 5.

In answer to the Court's questionnaire, Plaintiff confirms his truck was forfeited by order of the state court issued on or around June 10, 2014, in Cause No. 90976-86.  Doc. 13 at 3-4.  He avers that he could not appear at the state forfeiture hearing or file an appeal.  Doc. 13 at 3, 6.[1]

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction.  It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action.  *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

By virtue of the *Rooker-Feldman* doctrine,[2] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)).  The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale*, 786 F.2d at 691).  Errors in state cases should be reviewed and settled through the state appellate process.  *Rooker,* 263 U.S. at 415.  The United States Supreme Court, through a

---

[1] The undersigned's office called the Kaufman County District Court Clerk to confirm that the truck was forfeited as a result of a default judgment in July 2014.

[2] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

writ of certiorari, is the only federal court permitted to review state court decisions.  *Weekly*, 204 F.3d at 615.

Here, Plaintiff's complaint "stripped to essentials, is an attack on the judgment of the state [court]."  *Liedtke,* 18 F.3d at 318; *see also Fulton v. Texas*, 217 F. App'x 371 (5th Cir. 2007) (the *Rooker/Feldman* doctrine applies to federal challenges to state forfeiture proceedings).  Plaintiff's allegations require the Court to review the 2014 judgment of forfeiture, which this Court "may not do."  *Feldman*, 460 U.S. at 482 n. 16.  Plaintiff's action is, thus, "'inextricably intertwined'" with the state forfeiture proceedings, *Liedtke*, 18 F.3d at 318, and the only recourse for Plaintiff is in the state courts.  *See Joseph v. Holiday*, 263 F.3d 163, *1 (5th Cir. 2001) (plaintiff could not invalidate a state forfeiture proceeding in federal court) (unpublished per curiam).  Consequently, this action should be dismissed for want of jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  However, the Court is not required to grant leave to amend when the plaintiff "has already pleaded his 'best case.'"  *Id.* at 768 (quoted case omitted).  Here, because the Court's lack jurisdiction over Plaintiff's claim cannot be cured by amendment, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

The Clerk of the Court is **directed** to mail a copy of the *Notice of Seizure and Intended Forfeiture*, Doc. 13 at 4, to Plaintiff per his request since it is his only copy.

SIGNED November 30, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE